UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY L. VAUGHAN,

    Plaintiff,

v.                                              Case No. 1:13-cv-1266
                                              Hon. Paul L. Maloney

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on August 28, 1963 (AR 170).[1] He alleged a disability onset date of July 31, 2001 (AR 170). Plaintiff completed the 12th grade, and had previous employment as a landscape laborer, automobile detailer, janitor, construction worker, machine operator/conveyor tender, hand packer, compression molding machine tender and roofer (AR 18, 175). He last worked in April 2000 (AR 153). Plaintiff identified his disabling conditions as a seizure disorder and back pain (AR 174). On July 12, 2012, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a

---

[1] Citations to the administrative record will be referenced as (AR "page #").

decision denying benefits (AR 11-20). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

2

which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of July 31, 2001 and met the insured

status requirements of the Social Security Act through June 30, 2009 (AR 13). At step two, the ALJ found that through the date last insured, plaintiff suffered from severe impairments of chronic obstructive pulmonary disease (COPD) and an anxiety disorder (AR 13). At step three, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 14).

The ALJ decided at the fourth step that through the date last insured, plaintiff had the residual functional capacity (RFC):

> . . . to perform light work as defined in 20 CFR 404.1567(b) except that he can never climb ladders, ropes, or scaffolds; can frequently climb ramps and stairs; and can frequently balance, stoop, kneel, crouch, crawl, and squat. He must have a sit/stand option that enables him to change position at will. He must avoid concentrated exposure to fumes, odors, dust, gases, or respiratory irritants. He can never use air, pneumatic, power, torque, or vibratory tools; and can never work with dangerous or unprotected machinery, or at unprotected heights. He is limited to simple, unskilled work with an SVP rating of 1 or 2; he is able to understand, remember, and carry out only short, simple instructions. He is limited to work that requires only occasional close personal contact or interaction with coworkers, and only brief and superficial contact with the public.

(AR 15). The ALJ also found that through the date last insured, plaintiff was unable to perform any past relevant work (AR 18).

At the fifth step, the ALJ determined that through the date last insured, plaintiff could perform a significant number of jobs in the national economy (AR 19-20). Specifically, plaintiff could perform the following sedentary, unskilled jobs in the relevant region, defined as the Lower Peninsula of Michigan: hand packager (3,000 jobs); machine feeder (500 jobs); material handler (500 jobs); and production worker (3,000 jobs) (AR 19). Accordingly, the ALJ determined that plaintiff has not been

under a disability, as defined in the Social Security Act, from July 31, 2001 (his alleged onset date) through June 30, 2009 (his date last insured) (AR 19-20).

### III. ANALYSIS

Plaintiff raised four issues on appeal:

**A. Since the ALJ failed to even discuss, much less consider, the side effects from the claimant's many medications on his ability to work, as required, was his RFC assessment erroneously reached?**

Plaintiff contends that the ALJ failed to discuss or consider the side effects of his medication. During the administrative hearing, plaintiff testified that he gets tired easily, that he does not have any patience, and that he naps every day (AR 40, 45-46). Plaintiff attributed this to the side effects of his medication, stating "I think it's my medicine that makes me tired really, a lot, you know" (AR 46). Plaintiff also testified that he "got one of them cards" for medical marijuana, that he used marijuana "a couple of weeks" before the administrative hearing, and that marijuana "don't do nothing for me besides put me to sleep" (AR 42).

Allegations of a medication's side effects must be supported by objective medical evidence. *See Essary v. Commissioner of Social Security*, 114 Fed. Appx. 662, 665-66 (6th Cir. 2004) (where plaintiff testified that she suffered from dizziness and drowsiness as a result of her medications, the ALJ did not err in finding that she suffered no side effects where her medical records contain no such reported side effects to her physicians); *Farhat v. Secretary of Health and Human Services*, No. 91-1925, 1992 WL 174540 at *3 (6th Cir. July 24, 1992) ("[claimant's] allegations of the medication's side-effects must be supported by objective medical evidence"). Here, plaintiff supports his claim of side effects by

5

citing Allison S. Thomas, M.D., who opined that one of his medications, Niravam, relieves anxiety but causes sedation and dizziness, and that another medication, Vicodin, relieves pain but causes drowsiness (AR 306, 324-25).[2] The ALJ discussed Dr. Thomas' reference to the medication side effects, finding that Dr. Thomas "reported that his medications relieve his anxiety and pain, but cause side effects of dizziness and nausea" (AR 16-17). However, the ALJ gave the doctor's opinion little weight (AR 17).[3] In addition, the ALJ observed that plaintiff derived a substantial benefit from Niravam without apparent side effects:

> As to the claimant's anxiety disorder, on February 6 and July 18, 2008, and again on February 23, 2009, Dr. Thomas stated that the claimant has a history of anxiety well controlled with Niravam. Her notes also indicate that the claimant did not have any change in sleep pattern, depression, inability to concentrate, insomnia, or suicidal ideation or planning. (2F/38, 47, 53)

(AR 16).

The ALJ discussed plaintiff's "extremely high" use of prescription medication (i.e., four Xanax a day, three Valium a day and five Vicodin a day), that plaintiff "takes Valium, Vicodin, Dilantin, Ativan, and Lexapro, and describes side effects of fatigue, sleepiness, nausea, dizziness, headaches, drowsiness, dry mouth, and lack of energy," and that plaintiff tested positive for benzodiazepines, marijuana, and opiates, which also "tends to call his credibility into question" (AR 16-18).

In summary, the ALJ discussed plaintiff's "extremely high" use of prescription medication, his testimony regarding medication side effects (including medical marijuana), and Dr. Thomas' opinion

---

[2] In her brief, plaintiff refers to Dr. Thomas' opinion that two of plaintiff's medications, Focalin and Niravam, cause side effects. Plaintiff's Brief (docket no. 12, PageID # 381). The doctor's opinion is difficult to read, but appears to identify the two medications as Niravam and Vicodin (AR 306). This is consistent with the doctor's notes regarding plaintiff's medications, which include Niravam and Vicodin, but do not include Focalin (AR 314 and 325).

[3] *See* discussion in § III.D., *infra*.

related to the side effects of Niravam and Vicodin. However, the ALJ did not reach any conclusions as to the extent of the side effects or as to any functional limitations which arose from these side effects. The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984). Here, the Court cannot "trace the path" of the ALJ's reasoning with respect to whether plaintiff had functional limitations from medication side effects. Accordingly, this matter will be remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should address the extent to which plaintiff experienced medication side effects and the functional limitations caused by any such side effects.

> **B.     Did the ALJ violate SSR 96-8p in not considering the claimant's seizure disorder, low back disorder and headaches on his ability to work?**

Plaintiff contends that the ALJ failed to consider his seizure disorder, low back disorder, and headaches as severe impairments. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human*

*Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's RFC. *Id.* "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008). Here, the ALJ found that plaintiff had severe impairments of COPD and an anxiety disorder (AR 13). The ALJ's failure to include other severe impairments at step two is legally irrelevant. *Id.* Accordingly, plaintiff's claim of error will be denied.

> **C.** **Since the ALJ found that the claimant has a severe mental impairment, did his RFC assessment consider the full impact of this impairment?**

Plaintiff contends that the ALJ's RFC assessment did not adequately address his severe impairment of anxiety, because the RFC did not include the ALJ's finding that plaintiff had moderate loss of his ability to concentrate, persist or keep pace (AR 14). RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). It is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545.

The finding referred to by plaintiff (i.e., moderate loss of ability to concentrate, persist or keep pace) was made at step three of the sequential evaluation process, during which the ALJ considered whether plaintiff met the "paragraph B" requirement of listed impairment 12.06 (Anxiety Related Disorders) (AR 14). This finding was not an RFC determination. *See Gentry v. Commissioner of Social Security*,

741 F.3d 708, 722 (6th Cir. 2014) (RFC is determined at step four of the sequential evaluation). In addition, the ALJ did not have to include the paragraph B finding as part of his RFC determination.

> Paragraph B findings under the listings are findings at step three of the sequential evaluation process, and are not RFC findings pertaining to steps four and five of the sequential evaluation process. 20 C.F.R. pt. 404, subpt. P, app. 1, Section 12.00. Hence, the ALJ was correct in finding that Plaintiff had moderate limitations in evaluating her mental impairment under the listings at step three of the sequential evaluation process, and in not including a "moderate limitation in concentration, persistence, and pace" in his residual functional capacity finding at steps four and five.

*Pinkard v. Commissioner of Social Security Administration*, No. 1:13-cv-1339, 2014 WL 3389206 (N.D. Ohio July 9, 2014). *See Fellows v. Commissioner of Social Security*, No. 1:14-cv-506, 2015 WL 4134699 at *6 (W.D. Mich. July 8, 2015) (ALJ did not need to include paragraph B findings in the RFC determination).

Furthermore, the ALJ's RFC took into account plaintiff's anxiety by limiting him: to simple, unskilled work; to carrying out only short, simple instructions; and to work that requires only occasional close personal contact or interaction with coworkers, and only brief and superficial contact with the public (AR 15). Unskilled work, by definition, incorporates some non-exertional components, consisting of "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Such work involves simple and routine tasks. *Allison v. Apfel*, No. 99-4090, 2000 WL 1276950 at *4 (6th Cir. Aug. 30, 2000). *See generally, Smith v. Halter*, 307 F.3d 377, 378-79 (6th Cir. 2001) (where ALJ found that claimant "often" suffered problems with concentration, limiting claimant to jobs that are routine and low stress and which do not involve intense interpersonal confrontations appropriately addressed that impairment). Accordingly, this claim of error will be denied.

> **D. Did the ALJ fail to comply with 20 C.F.R. § 404.1527 in not according adequate weight to the opinion of the claimant's treating physician and did the ALJ also fail to consider the various factors set forth in 20 C.F.R. § 404.1527(d) in evaluating the opinion of the treating physician?**

Finally, plaintiff contends that the ALJ failed to adequately address the opinions of his treating physician, Dr. Thomas, as set forth in a "Medical Source Statement Concerning Claimaint's Ability to Engage in Work Related Activities" (AR 306-09). A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported

10

by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

> The ALJ summarized Dr. Thomas' opinions as follows:
>
> As for the opinion evidence, on June 8, 2011, Dr. Thomas opined that the claimant has severe generalized anxiety with frequent panic attacks, and chronic, constant, moderate low back pain with decreased range of motion. She reported that his medications relieve his anxiety and pain, but cause side effects of dizziness and nausea. Dr. Thomas opined that the claimant's symptoms are severe enough to interfere with his ability to stay on task in a work situation constantly. She opined that he cannot walk even one city block without rest or severe pain; can continuously sit or stand for twenty minutes at a time, and less than two hours a day; and needs eight or more periods of walking around during an eight-hour day for five minutes each. She opined that he does not need to be able to shift positions at will, but that he would need unscheduled breaks every thirty minutes for thirty minutes. The doctor indicated the claimant can occasionally lift less than ten pounds; would have significant limitations doing repetitive reaching, handling, or feeling; and could only reach 5% of the time, bilaterally. He can never bend or twist at the waist. Dr. Thomas indicated he would miss work more than three times a month. She also opined that he is permanently disabled. (4F)

(AR 16-17).

> The ALJ assigned "little weight" to Dr. Thomas' opinion for the following reasons:
>
> It is not consistent with, or supported by, the medical evidence of record, such as lumbosacral x-rays, and is incredible. If the claimant needed to take a break every thirty minutes for thirty minutes, then he would constantly be on a break. Furthermore, the opinion of Dr. Thomas that the claimant is permanently disabled involves an issue that is reserved to the Commissioner of Social Security, or to the Commissioner's designees, to

>> resolve pursuant to 20 CFR 404.1503, 404.1527(e), 416.903 and 416.927(e). A finding that an individual is "disabled" or "unable to work," is an administrative finding and is an issue reserved to the Commissioner (20 CFR 404.1527(e)(1) and 416.927(e)(1). Medical opinions on these issues must not be disregarded; but cannot be entitled to controlling weight or even given special significance, even when offered by a treating source (SSR 96-5p).

(AR 16-17).

As an initial matter, the ALJ properly addressed Dr. Thomas' opinion that plaintiff is "permanently disabled" (AR 309). Although Dr. Thomas was a treating physician, the ALJ was not bound by the doctor's conclusion that plaintiff was unable to work. *See* 20 C.F.R. § 404.1527(d)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled' ). Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984).

However, the ALJ did not give good reasons for the weight assigned to the doctor's opinion. *See Wilson*, 378 F.3d at 545. While the ALJ summarily rejected Dr. Thomas' opinion as not consistent with plaintiff's lumbosacral x-rays, he did not address the x-rays, much less compare that evidence to Dr. Thomas' opinion (AR 16-17). Nor did the ALJ identify the other medical evidence of record and explain how Dr. Thomas' opinion was not consistent with that evidence (AR 16-17). Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-valuate Dr. Thomas' opinion.

## IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed (1) to address the extent to which plaintiff experienced medication side effects and the functional limitations caused by any such side effects, and (2) to re-valuate Dr. Thomas' opinion.  A judgment consistent with this opinion will be issued forthwith.


Date:   September 28, 2015             /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge